CARVER *v.* CHUTE.

Section 2 of the swamp land act of 1853, does not authorize sales by private entry before the lands have been offered at public sale.

This section was designed to settle the construction of sections 5 and 6 of the statute of 1852 regulating the sale of swamp lands, relative to the number of acres to be included in subdivisions sold at private sale.

APPEAL from the *Steuben* Circuit Court.

*Thursday, November* 27.

GOOKINS, J.—This action was brought by *Chute* against *Carver*. The complaint states that the defendant was treasurer of *Steuben* county; that on the 25th day of *July*, 1853, the plaintiff applied in writing to the auditor of said county to enter a forty acre tract of swamp land belonging to the State,—being a legal subdivision, &c., at 1 dollar and 25 cents per acre,—which application was made before the commencement of the public sales of swamp lands in said county; that the auditor refused to permit him to enter the land; that the auditor and treasurer, having notice of the premises, afterwards sold said land at auction, at a public sale of swamp lands, and that, to purchase the same, the plaintiff was compelled to bid 7 dollars per acre therefor; making 280 dollars, which sum he paid under a protest against the proceedings, at the same time claiming that he had a right to enter the land at 50 dollars.

The defendant demurred to the complaint, assigning; among other causes, that it did not contain facts sufficient to constitute a cause of action.

The Circuit Court held the complaint sufficient, and overruled the demurrer, and, the defendant refusing to answer further, gave judgment for the plaintiff. By agreement, the assessment of damages was submitted to the Court. The facts stated in the complaint were proved, and the Court assessed the plaintiff's damages at 230 dollars,—the difference between the price bidden and the price at private entry,—and gave judgment accordingly.

Nov. Term,
1856.

CARVER
v.
CHUTE.

The act to regulate the sale of swamp lands donated by the *United States* to this State, (1 R. S. 1852, p. 471, ss. 5, 6), appoints the auditor and treasurer of each county, agents for the sale of said lands. It requires them, on receiving from the Auditor of State maps and plats of the lands lying in their respective counties, to advertise and sell them at the court-house door, at auction, to the highest bidder, at not less than 1 dollar and 25 cents per acre, in legal subdivisions, as near as practicable in half quarter sections.

The 37th section, p. 476, provides that the land remaining unsold, after the same shall have been offered at public sale, shall be subject to entry at 1 dollar and 25 cents per acre, by any person applying for the same.

A supplemental act in force *March* 15, 1853, provides that the auditor of each county shall allow any person to enter a legal subdivision of forty acres or less, where the same constitutes one tract, or less. Laws, 1853, p. 130, s. 2.

The question is, does the section last cited authorize sales by private entry before the land had been offered at public sale? We think it does not. The policy of the State was to obtain the highest price for her swamp lands. To secure this end they were to be offered at public sale, where the best lands would probably find purchasers above the minimum price. What remained unsold were then subject to private entry. A half quarter section, usually containing eighty acres, was the least subdivision in which the lands could be sold at auction; and the probable construction put upon the act of 1852 was, that they could not be sold in less subdivisions at private entry. The second section of the act of 1853 was designed to remove any doubt there might be on that subject, by expressly providing that they might be entered in the lesser subdivisions; but not until after they had been offered at public sale. The last act is but a supplement to the first, and both are to be construed together. We think the complaint does not contain facts sufficient to constitute a cause of action.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

J. B. *Howe*, for the appellant.

J. L. *Worden* and C. *Case*, for the appellee.